# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

WILLIAM FRANK SIKORSKI JR.,

    Defendant-Appellant.

UNPUBLISHED
June 19, 2018

No. 337572
Roscommon Circuit Court
LC No. 12-006736-FC

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

JANSEN, J. (*dissenting*)

Because I agree with defendant that the *Crosby*[1] remand procedure was improper, and because, in my view, defense counsel admits he provided ineffective assistance of counsel, I respectfully dissent.

In *People v Lockridge*, our Supreme Court articulated, at length, the proper procedure when conducting a *Crosby* hearing on remand. See *Lockridge*, 498 Mich at 398. Due process requires the trial court to allow defendant an opportunity to inform the court whether or not he will seek resentencing. *Id.* It is undisputed, and even admitted by defense counsel, that this did not happen here. Indeed, defense counsel admits that he did not consult with defendant prior to the *Crosby* hearing, and further, defendant was not even present for the hearing. Defense counsel was appointed to represent defendant in all post-conviction proceedings. A *Crosby* hearing is a post-conviction proceeding, and no substitution of counsel had occurred. Accordingly, in my view, the trial court in this matter has not fulfilled the duty it owes to defendant to protect defendant's right to due process of law. Given the cumulative errors that took place in this matter, I disagree with the majority that "any error with respect to defendant's opportunity to avoid resentencing" is harmless. I would again remand to the trial court for defendant to receive effective assistance of counsel relating to a properly conducted *Crosby* hearing.

/s/ Kathleen Jansen

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).